Manuel **RAMIREZ**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 50848.

Court of Criminal Appeals of Texas.

Sept. 17, 1975.

## OPINION

GREEN, Commissioner.

In a trial before the court without a jury, appellant was convicted of the offense of unlawful possession of a firearm by a felon. See V.T.C.A. Penal Code, Sec. 46.05.[1] Punishment, which was enhanced under the provisions of V.T.C.A. Penal Code, Sec. 12.-42(a),[2] was assessed at five years.

The indictment alleges that on or about June 14, 1974, appellant possessed a firearm away from the premises where he lived, and that on December 1, 1967, in Cause No. 12,736 in the 105th District Court of Nueces County, Texas, he was duly and legally convicted of murder without malice, which was a final conviction prior to the commission of the instant offense. In a second paragraph, the indictment alleged this same conviction in Cause No. 12,736, in the 105th District Court, Nueces County, for purposes of enhancement of the punishment. No other prior conviction was alleged.

Appellant plead nolo contendere to the charge in the first paragraph of the indictment, and not guilty to the allegations of the second paragraph. The judgment recites that the court found him guilty "of Possession of Firearm by Felon, First County (sic) and Enhancement of Punishment, Second Count."

Although the record does not reflect that any objection was raised in the trial court to the allegations in the second paragraph purporting to use the same prior conviction for enhancement that was alleged as an element of the primary offense, and no complaint thereof is made by appellant in this Court, we find that such paragraph fails to allege the constituent elements necessary in order to enhance the punishment

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

1. "Sec. 46.05. Unlawful Possession of Firearm by Felon
"(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.
"(b) An offense under this section is a felony of the third degree."

2. V.T.C.A. Penal Code, Sec. 12.42(a) provides that if it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony.

under V.T.C.A. Penal Code, Sec. 12.42(a), supra. See Art. 27.08, V.A.C.C.P.; *Cox v. State,* 523 S.W.2d 695; *Terry v. State,* Tex. Cr.App., 517 S.W.2d 554. Hence, such paragraph is fundamentally defective, and we should and will consider its deficiency in the interest of justice. Art. 40.09, Sec. 13, V.A. C.C.P.; *Ex parte Roberts,* Tex.Cr.App., 522 S.W.2d 461; *Standley v. State,* Tex.Cr.App., 517 S.W.2d 538.

V.T.C.A. Penal Code, Sec. 46.05, supra, is a special statute which, as an element of the offense, requires proof of a prior final conviction of a felony involving an act of violence in addition to proof of the possession of a firearm away from the premises where the accused lives. Having been alleged as an element of the offense charged in the first paragraph, the conviction in Cause No. 12,736 in the 105th District Court of Nueces County on December 1, 1967 was not available and could not be again used to enhance the punishment under V.T.C.A. Penal Code, Sec. 12.42(a), supra. *Garcia v. State,* 169 Tex.Cr.R. 487, 335 S.W.2d 381. Cf. *Mena v. State,* 504 S.W.2d 410, 415; *Ex parte McLane,* Tex.Cr.App., 417 S.W.2d 405.

As stated on motion for rehearing in *Garcia,* supra:

"*Edwards v. State,* 166 Tex.Cr.R. 301, 313 S.W.2d 618; *Parasco v. State,* 165 Tex. Cr.R. 547, 309 S.W.2d 465; *Granado v. State,* 168 Tex.Cr.R. 525, 329 S.W.2d 864, and *Fletcher v. State,* 169 Tex.Cr.R. 506, 335 S.W.2d 613, support the holding in our original opinion that a prior conviction is not available to enhance punishment for an offense of which it is an essential element."

As heretofore stated, the judgment reflects that the trial court, in assessing the punishment, enhanced it because of the same prior conviction that was alleged as an element of the offense. We recognize that the punishment assessed by the court is within the range provided for a third-degree felony as well as a second-degree felony. See and compare V.T.C.A. Penal Code,

Secs. 12.33 and 12.34. However, since the record reflects that the court found appellant guilty of a second-degree felony under the enhancement statute, Sec. 12.42(a), supra, and assessed punishment as provided in Sec. 12.33, we cannot assume that this same punishment would have been set if the court had found the offense to be a third-degree felony and assessed punishment under the provisions of Sec. 12.34. See *United States v. Tucker,* 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592.

The error relates solely to punishment, which was assessed by the court. Accordingly, the punishment heretofore assessed is set aside, and the case is remanded to the trial court for proper punishment for conviction of a third-degree felony as such punishment is provided in V.T.C.A. Penal Code, Sec. 12.34, and for the pronouncement of sentence, and for further proceedings authorized by Art. 40.09, V.A.C.C.P. See *Saunders v. State,* Tex.Cr.App., 511 S.W.2d 281; *Elizalde v. State,* Tex.Cr.App., 507 S.W.2d 749.

It is so ordered.

Opinion approved by the Court.