John Dennis MOORE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00064–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 18, 2001.

Decided Jan. 24, 2001.

 

## OPINION

Opinion by Justice GRANT.

John Dennis Moore appeals from a jury conviction for failure to register as a sex offender under Tex.Code Crim.Proc.Ann. art. 62.02(a) (Vernon Supp.2001). He contends (1) the trial court erred in denying his Motion for a Directed Verdict; (2) the trial court erred in presenting the charge because it did not require the jury to find that he had been previously convicted of a sex offense; (3) alternatively, if the court finds that error was not preserved with respect to point (2), trial counsel was ineffective for failure to object to the jury charge; (4) there was no evidence, or insufficient evidence, to support the jury verdict; (5) the State of Texas erred in prosecuting this case as a felony rather than as a misdemeanor; (6) the trial court erred in failing to grant his Motion to Quash the indictment; (7) alternatively, if the court finds the trial court did not rule on the Motion to Quash, trial counsel was ineffective for failure to obtain a signed ruling on the Motion to Quash; and (8) the trial court erred in allowing testimony of a witness who had not been identified by the State of Texas until after voir dire.

Moore was convicted on February 19, 1993, of the felony offense of indecency with a child and was sentenced to the penitentiary. He was released on mandatory supervision on October 23, 1998, and attended his first required meeting with his parole officer, Linda Hammond, on October 26, 1998. During this meeting, Hammond informed Moore that he was required to report to the Upshur County sheriff's office to register as a convicted sex offender within seven days of notification of this duty. She read aloud to him portions of a document detailing the requirements of this duty. He then initialed the document and was given a copy of it. Moore registered with Upshur County officials on November 5, 1998, or the tenth day from the day on which he was notified by Hammond of his duty to register.

Robert D. Bennett, Gilmer, for appellant.

Tim Cone, Upshur County District Attorney, Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

The State charged Moore with, and a jury subsequently convicted him of, the offense of failure to register as a sex offender under Article 62.02 of the Texas Code of Criminal Procedure.

Moore's first four points of error depend on his argument that the State failed to prove he had been previously convicted of a sex offense. With regard thereto, we do not believe the State was required to prove to the jury, as Moore contends, that the offense of indecency with a child is a "sex offense" to prove the allegation in the indictment that Moore failed to register as a sex offender. The jury is the exclusive judge of the facts proved except where it is provided by law that proof of any particular fact is to be taken as conclusive proof of the existence of another fact. TEX.CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979).

Chapter 62 of the Texas Code of Criminal Procedure, entitled Sex Offender Registration Program, effectively classifies the offense of indecency with a child as a sex offense for purposes of that chapter. *See* TEX.CODE CRIM.PROC.ANN. art. 62.01(5)(A) (Vernon Supp.2001) (reportable conviction includes indecency with a child), and TEX. CODE CRIM.PROC.ANN. art. 62.02 (an individual with a reportable conviction shall register as a sex offender). Thus, proof beyond a reasonable doubt that Moore had been convicted of indecency with a child sufficed to impose on him the duty to register as a sex offender under Chapter 62 of the Texas Code of Criminal Procedure, without further proof by the State that this previous conviction was for a sex offense.

The jury was charged accordingly:

A person who has a reportable conviction commits the state jail felony offense of Failure to Register as a Sex Offender if he . . . .

"Reportable conviction" includes a conviction, regardless of the pendency of an appeal, that is a conviction for a violation of Texas Penal Code Section 21.11 (Indecency With a Child).

In accordance with this charge, if the State proved that Moore was convicted of indecency with a child, then the jury was bound to find that Moore had a reportable conviction, and thus a duty to register as a convicted sex offender under the statute. The charge conforms to the law. Because the judge did not err in presenting this charge to the jury, we overrule Moore's second point. Point of error three is also overruled as trial counsel could not have been ineffective for failure to object, because the jury charge was not objectionable.

In point one Moore contends the trial court erred by failing to grant his Motion for a Directed Verdict because the State did not prove he had been previously convicted of a sex offense on the date and in the court set forth in the indictment. We treat such a complaint as a challenge to the legal sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex.Crim.App.1996). In point four he contends there was no evidence or insufficient evidence to support the verdict for the same reason. We analyze Moore's fourth point as a challenge to the factual sufficiency of the evidence. In reviewing the evidence for legal sufficiency, we must view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Mason v. State*, 905 S.W.2d 570, 574 (Tex.Crim.App.1995).

In contrast, a factual sufficiency review requires that the evidence be viewed in a neutral light. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). We set aside the verdict for factual insufficiency only if the evidence is (1) so weak as to be clearly wrong and manifestly unjust, or (2) the adverse finding is against the great weight and preponderance of the available evidence. *Id.*

Moore limits his evidentiary challenge to the State's alleged failure to prove he had been previously convicted of a sex offense on the date and in the court set forth in the indictment. The indictment against Moore alleged that

> [The Defendant did] fail to register as a convicted sex offender, as required by the Texas Code of Criminal Procedure, Article 62.02, within seven days after the defendant was released on mandatory supervision;
>
> IT IS FURTHER PRESENTED that the Defendant was convicted of the felony offense of Indecency With a Child on February 19, 1993, in cause # 11,824 in the 76th Judicial District Court of Titus County, Texas; ....

As proof of these allegations, the State elicited testimony from Hammond and from Moore to the effect that he was indeed the same defendant that was convicted of a felony offense of indecency with a child on February 19, 1993, in cause number 11,824 in the 76th Judicial District Court of Titus County, Texas. Moore offered no evidence, and indeed there is none in the record, tending to discredit or negate the State's evidence on this point. This evidence, regardless of whether viewed in a neutral light or favorably to the verdict, is both legally and factually sufficient. We overrule points of error one and four.

Moore's next three points of error depend on whether the State erred in prosecuting this case as a felony rather than as a misdemeanor. Moore generally contends the State so erred in point five. In points six and seven, he contends the court erred in failing to grant his Motion to Quash the indictment, and in the alternative, counsel was ineffective for failure to obtain a ruling on the motion. Former Texas Code of Criminal Procedure Article 6252–13c.1, Section 7, made it a misdemeanor for anyone who had a duty to register before September 1, 1997, to fail to comply with sex offender registration requirements. TEX.REV.CIV.STAT.ANN. art. 6252–13c.1, § 7.[1] Current Texas Code of Criminal Procedure Article 62.02 elevates the offense to a state jail felony. The Legislature addressed this change in a note accompanying the statute:

> This act takes effect September 1, 1997. The change in law .... applies only to an offense committed on or after September 1, 1997. An offense committed before September 1, 1997, is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose. For purposes of this section, an offense was committed before September 1, 1997, if any element of the offense occurred before that date.

TEX.CODE CRIM.PROC.ANN. art. 62.10 (Vernon Supp.2001) (historical and statutory notes).

■ Moore contends that because the crime of failure to register as a sex offender is a crime of omission, a statutory duty to register is an element of the offense. TEX.PEN.CODE ANN. § 6.01(c) (Vernon 1994). Therefore, he reasons, if indeed he was convicted of a sex offense on February 19, 1993, then such conviction is an element of the offense of failure to register as a sex offender that occurred prior to September 1, 1997, and he can be convicted only under the former law.

This argument was addressed by the Court of Criminal Appeals in a case construing a statutory note that was virtually identical to that in issue here. *See State v. Mason,* 980 S.W.2d 635 (Tex.Crim.App. 1998). In *Mason,* the Court of Criminal Appeals held that the defendant's *status* as a felon rather than the prior felony conviction itself was an element of the offense of unlawful possession of a firearm by a felon. *Id.* at 640. The court noted that the con-

---

1. Article 6252–13c.1 was redesignated as Chapter 62 of the Code of Criminal Procedure and amended. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668, 1997 Tex.Gen.Law 2253, 2253–65.

cept of "element of an offense" does not include every issue on which the State must carry the burden of proof and held that simply because the State was required to prove the date on which a defendant was convicted of the offense that made him a felon to establish his status as eligible for prosecution, those facts are not thereby converted into elements of the proscribed offense. *Id.* at 641. Similarly, the State here was required to prove Moore's status as a person with a reportable conviction at the time he failed to register, not that the date on which he attained such status was later than September 1, 1997.[2] We overrule points of error five, six, and seven.

In his final point, Moore contends that the trial court erred in allowing, over his objection, the testimony of a State witness who had not been identified until after voir dire, denying Moore the right to effective voir dire. On request by the defense, notice of the State's witnesses should be given. *Martinez v. State,* 867 S.W.2d 30, 39 (Tex.Crim.App.1993). If the trial court permits testimony of a witness whose name is not on a witness list furnished the defendant, we review the trial court's decision under an abuse of discretion standard. *Nobles v. State,* 843 S.W.2d 503, 514 (Tex.Crim.App.1992). The factors a reviewing court shall consider in determining whether there has been an abuse of discretion include (1) whether there was bad faith on the part of the prosecutor in failing to disclose the witness's name before trial, and (2) whether the defendant could have reasonably anticipated that the witness would testify, although his or her name was not included on the witness list. *See Martinez,* 867 S.W.2d at 39; *Nobles,* 843 S.W.2d at 514–15.

The State initially provided the defendant with a witness list that named William Boggs, a parole supervisor, as a potential witness. The State's attorney contacted defense counsel the morning after jury selection to advise that Hammond would testify in place of Boggs. Although Hammond's name was not on the potential witness list furnished to Moore, the State did provide pretrial discovery documents to Moore that identified Hammond as his parole officer. Moore knew Hammond was his parole officer and had advised him to register.

Moreover, the State identified Hammond as a potential trial witness during jury selection and inquired of the venire panel whether any of them knew her and if such acquaintance would pose any problems to them in this case. Thus, Moore knew that Hammond would be called to testify at least four days prior to the start of the State's case in chief.[3] Because there is no indication that the State was attempting to deceive the defense, bad faith has not been shown. Moreover, this evidence makes it clear that the defense could reasonably have anticipated that Hammond would be called to testify. Under these circumstances, we find the trial court did not abuse its discretion in allowing Hammond's testimony.

We affirm the conviction.

---

2. The Court of Criminal Appeals relies additionally on legislative history to interpret the statute in issue there. We do not find it necessary to resort to the legislative history of the statute in issue in this case.

3. Although Moore complains that he was not allowed an opportunity to conduct an investi-

gation into Hammond's background, qualifications, etc., we point out that defense counsel did not ask for a continuance in order to complete such an investigation. *See, e.g., Hernandez v. State,* 636 S.W.2d 611, 614 (Tex. App.—San Antonio 1982, no pet.).