# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00409-CR

**David Bryan Ballard, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
### NO. 02-103-K277, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING

## O P I N I O N

A jury found appellant David Bryan Ballard guilty of failing to register as a sex offender. *See* Tex. Code Crim. Proc. Ann. art. 62.10(a), (b)(2) (West Supp. 2004). The jury also found that appellant had two previous felony convictions and assessed his punishment at imprisonment for life. In three points of error, appellant contends: the evidence is factually insufficient to sustain the guilty verdict, the sexual assault conviction giving rise to his duty to report is void, and the sexual assault conviction was erroneously used to enhance his punishment in this cause. We will sustain the latter point and remand the cause for reassessment of punishment.

### *Background*

In 1991, appellant pleaded guilty and was convicted of sexual assault of a child in Travis County cause number 0912770. His sentence was suspended and he was placed on probation. In 1993,

appellant=s probation was revoked and a six-year prison sentence was imposed. On July 6, 1998, before being paroled, appellant signed an adult sex offender registration pre-release notification form. By this form, appellant was told that he was required to register annually in the county of his residence for the rest of his life. Appellant was paroled to Brown County, where he registered on July 15, 1998. He subsequently moved to Travis County, where he registered on April 8, 1999, and to Bastrop County, where he registered on May 3, 1999.

Appellant was briefly reincarcerated for an alleged parole violation. On August 10, 1999, before appellant was released back to parole, he signed another pre-release notification form advising him of his duty to register. Appellant renewed his registration in Bastrop County on March 3, 2000. Appellant moved to Williamson County in February 2001. He never registered in that county. In November 2001, appellant was arrested in Williamson County for failing to register, and this prosecution followed.

### *Factual Sufficiency*

In his first point of error, appellant contends the evidence is factually insufficient to support the jury=s finding that his failure to register in Williamson County was intentional or knowing.[1] Appellant notes that the sex offender registration program began after he was tried for the sexual assault, and therefore he was not advised of the registration requirement by either the convicting court or his attorney when he

---

[1] Article 62.10 does not prescribe a culpable mental state, but neither does it plainly dispense with any mental element. *See* Tex. Pen. Code Ann. 6.02(b) (West 2003). The indictment alleged that appellant intentionally or knowingly failed to register.

2

pleaded guilty. Appellant testified below that he believed his obligation to register as a sex offender was a condition of parole that ended when his parole was terminated by a court order on November 12, 1999.

A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so weak or the contrary proof so strong as to preclude a rational finding of guilt beyond a reasonable doubt. *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Due deference must be accorded the fact finder=s determinations, particularly those concerning the weight and credibility of the evidence, and the reviewing court may disagree with the fact finder only when the record clearly indicates that such a step is necessary to prevent a manifest injustice. *Johnson*, 23 S.W.3d at 9.

Appellant=s claim that he did not know of his continuing duty to register after his parole ended is belied by the fact that he renewed his sex offender registration in Bastrop County on March 3, 2000, approximately four months after his parole terminated. His claim is also rebutted by the evidence of the two pre-release notification forms, both of which clearly stated that appellant had a lifetime duty to register. We do not find this evidence to be so obviously weak or so greatly outweighed by appellant=s contrary testimony as to undermine our confidence in the jury=s determination that appellant knowingly or intentionally failed to register in Williamson County. Point of error one is overruled.

### *Collateral Attack*

In point of error three, appellant argues that the imposition of the duty to register based on his pre-existing sexual assault conviction rendered that conviction void because it violated the plea bargain

3

agreement by which he pleaded guilty. Appellant reasons that if the sexual assault conviction is void, he had no duty to register as a sex offender and therefore could not be convicted for failing to do so. In short, appellant argues that by requiring him to register, the legislature nullified his underlying sexual assault conviction and thereby relieved him of his duty to register.

Appellant did not raise this contention below. *See* Tex. R. App. P. 33.1(a) (preservation of error); *see also Hill v. State*, 633 S.W.2d 520, 525 (Tex. Crim. App. 1982) (op. on reh=g) (failure to object to proof of allegedly infirm prior conviction forfeits complaint). Moreover, there is no evidence in the record that appellant=s guilty plea in cause number 0912770 was the product of a plea bargain. Finding the contention neither preserved for review nor supported by the record, we overrule point of error three.

### *Enhancement of Punishment*

The indictment in this cause alleged that appellant, Abeing required to register under the sex offender registration program, intentionally or knowingly failed to comply@ with this law in a variety of respects.[2] The indictment also alleged two previous convictions for the purpose of enhancement: a Potter County conviction for possessing a prohibited substance in a correctional facility and the Travis County conviction for sexual assault. In point of error two, appellant urges, as he did below, that the Travis County sexual assault conviction that gave rise to his duty to register could not also be used to enhance his punishment for failing to register.

---

[2] In this opinion, we use the term Afailure to register@ to collectively refer to all the acts alleged and proved.

4

Under the sex offender registration program, a conviction for sexual assault is a reportable conviction. Tex. Code Crim. Proc. Ann. art. 62.01(5)(A) (West Supp. 2004). A person who has a reportable conviction is required to register. *Id*. ' 62.02(a). Sexual assault is also classified under the program as a sexually violent offense. *Id*. ' 62.01(6)(A). A person convicted of a sexually violent offense has a lifetime duty to register. *Id*. ' 62.12(a)(1). A person with one conviction for a sexually violent offense must register annually. *Id*. ' 62.06(a). For a person like appellant who has a lifetime duty to register annually, the failure to register is a third degree felony. *Id*. ' 62.10(b)(2).

Appellant=s Travis County sexual assault conviction did triple duty in this cause. First, it served as the reportable conviction that gave rise to appellant=s duty to register. Second, it was the sexually violent offense that determined the term and frequency of appellant=s duty to register, which in turn made appellant=s failure to comply a third degree felony. Third, it was one of the two previous felony convictions relied on to punish appellant as a habitual offender. *See* Tex. Pen. Code Ann. ' 12.42(d) (West Supp. 2004). We agree with appellant that this last use of the sexual assault conviction was one use too many. Our conclusion is based on the opinions in *Ramirez v. State*, 527 S.W.2d 542 (Tex. Crim. App. 1975), *Wisdom v. State*, 708 S.W.2d 840 (Tex. Crim. App. 1986), and *Fitzgerald v. State*, 782 S.W.2d 876 (Tex. Crim. App. 1990).

*Ramirez* was a prosecution for unlawful possession of a firearm by a felon. 527 S.W.2d at 543; *see* Penal Code, 63d Leg., R.S., ch. 399, ' 1, sec. 46.05, 1973 Tex. Gen. Laws 883, 964 (amended and renumbered 1993) (current version at Tex. Pen. Code Ann. ' 46.04 (West Supp. 2004)). To prove that the defendant had been convicted of a felony involving an act of violence as the statute then required,

5

the State alleged and proved that the defendant had previously been convicted of murder. 527 S.W.2d at 543. The same murder conviction was also alleged and proved for enhancement. *Id*. The court held that because the murder conviction had been alleged as an element of the primary offense, it could not also be used to enhance punishment. *Id*. at 544.[3]

*Wisdom* was another prosecution for possession of a firearm by a felon under former section 46.05. 708 S.W.2d at 841. The defendant complained on appeal that the same prior rape conviction had been used both to prove that he had been convicted of a violent felony and to enhance his punishment. *Id*. at 845. The court of criminal appeals agreed that this was improper.

> [T]he State was barred from using the appellant=s rape conviction to enhance the offense, after the conviction had been used to allege an essential element of that offense. The use of a prior conviction to prove an essential element of an offense bars the subsequent use of that prior conviction in the same indictment for enhancement purposes.

*Id*.

*Fitzgerald* was a prosecution for escape. 782 S.W.2d at 877; *see* Penal Code, 63d Leg., R.S., ch. 399, ' 1, sec. 38.07, 1973 Tex. Gen. Laws 883, 950 (amended and renumbered 1993) (current version at Tex. Pen. Code Ann. ' 38.06 (West 2003)). Then, as now, escape was a third degree felony if

---

[3] The defendant did not raise this issue at trial or on appeal, but the court considered the indictment to be fundamentally defective under the case law then prevailing. *Ramirez v. State*, 527 S.W.2d 542, 544 (Tex. Crim. App. 1975). This explains the opinion=s focus on the allegations in the indictment.

the defendant had been convicted of a felony. *See* former Tex. Pen. Code Ann. ' 38.07(c)(1) (current ' 38.06(c)(1)). In *Fitzgerald*, it was alleged and proved that the defendant escaped after being convicted of aggravated robbery. 782 S.W.2d at 877. The same aggravated robbery conviction was also alleged and proved to enhance punishment. *Id*. The court held that this double use of the robbery conviction was error, holding that Athe State was barred from using to enhance punishment the same prior felony conviction alleged as an essential element of the primary offense of escape.@ *Id*. at 879 (citing *McWilliams v. State*, 782 S.W.2d 871, 875-76 (Tex. Crim. App. 1990)).

The State argues that the holdings in *Ramirez*, *Wisdom*, and *Fitzgerald* are no longer viable in light of the more recent opinion of the court of criminal appeals in *State v. Mason*, 980 S.W.2d 635 (Tex. Crim. App. 1998). *Mason* was a prosecution under the current unlawful possession of a firearm statute. Tex. Pen. Code Ann. ' 46.04 (West Supp. 2004). In 1993, the statute was amended to remove the requirement that the defendant=s felony conviction be for a crime of violence. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, ' 1.01, sec. 46.04, 1993 Tex. Gen. Laws 3586, 3688. This change in the law applied only to an offense committed on or after the effective date of the amendment, and the former law continued to apply if any element of the offense was committed before the effective date. *See id*. ch. 900, ' 1.18, 1993 Tex. Gen. Laws at 3705. The indictment in *Mason* alleged that the defendant had possessed a firearm after being finally convicted of burglary in 1991. 980 S.W.2d at 637. The defendant moved to quash on the ground that the burglary conviction predated the effective date of the 1993 amendment, and therefore the former statute applied and the indictment was required to allege a felony conviction for a crime of violence. *Id*. The motion was granted and the State appealed. The court of

criminal appeals held that not every fact that the State must prove at trial is an element of the offense. *Id*. at 641. The court concluded that while the defendant=s Astatus as a felon@ is an element of the offense defined by section 46.04, the date of the prior felony conviction is not. *Id*. Therefore, the savings provision did not apply and the defendant had properly been indicted pursuant to the new statute. *Id*. at 641.

The State also refers us to the opinion in *Moore v. State*, 38 S.W.3d 232 (Tex. App.CTexarkana 2001, pet. ref=d), a prosecution for failing to register as a sex offender. Noting that the failure to register had been elevated from a misdemeanor to a felony effective September 1, 1997, and that his reportable conviction was in 1993, the defendant argued that the savings provision applied and his failure to report could not be prosecuted as a felony. *Id*. at 235; *see* Act of June 1, 1997, 75th Leg., R.S., ch. 668, '' 1, 10, 1997 Tex. Gen. Laws 2253, 2260 & 2264. Citing *Mason*, the court of appeals held that the date of the reportable conviction was not an element of the offense and therefore the savings provision did not apply. *Id*. at 236. The defendant=s Astatus as a person with a reportable conviction@ was an element of the offense, but the date of that conviction was not. *Id*.[4]

Neither *Mason* nor *Moore* addresses the issue before us in this cause. Nevertheless, the State argues that the reasoning employed in these opinions leads to the conclusion that *Ramirez*, *Wisdom*, and *Fitzgerald* would be decided differently today. The State argues, AIt is the status of being required to

---

[4] This Court reached the same conclusion in an unpublished opinion. *Milligan v. State*, No. 03-99-00191-CR, 2000 Tex. App. LEXIS 2560, at *7 (Tex. App.CAustin Apr. 20, 2000, pet. ref=d).

8

register as a sex offender, and not the underlying crime which creates the status, which is an element of the offense of failing to comply with sex offender registration. . . . Since appellant=s reportable conviction was not an essential element of the offense . . . , it could be used to enhance the punishment range for that offense . . . .@ We infer that in a prosecution for unlawful possession of a firearm by a felon or for felony escape, the State would argue that it is the defendant=s status as a convicted felon, and not his underlying felony conviction, that is an element of the offense, and therefore the prior conviction can be used to enhance the punishment, the holdings in *Mason*, *Moore*, and *Fitzgerald* to the contrary notwithstanding.

The State=s proposed distinction between appellant=s status as a person required to register as a sex offender and appellant=s previous conviction for a reportable offense is a distinction without a difference. By definition, a person who must register *is* a person with a reportable conviction. Tex. Code Crim. Proc. Ann. art. 62.02(a). Similarly, a convicted felon *is* a person with a felony conviction. In both instances, it is the previous conviction that gives the person the significant status. To prove that a person is required to register (has the status of being required to register) is to prove that the person has a reportable conviction, just as to prove that a person is a convicted felon (has the status of convicted felon) is to prove that he has a previous felony conviction.

One element of a criminal offense is the forbidden conduct, which can be an omission. Tex. Pen. Code Ann. ' 1.07(a)(10), (22)(A) (West Supp. 2004). But an omission or failure to perform an act is not an offense unless there is a legal duty to act. *Id.* ' 6.01(c) (West 2003); *see also Billingslea v. State*, 780 S.W.2d 271, 274-76 (Tex. Crim. App. 1989). Therefore, in a prosecution for failing to perform an act, the duty to act is an essential element of the offense. *See Ronk v. State*, 544 S.W.2d 123, 125 (Tex.

9

Crim. App. 1976).  In a prosecution for failing to register as a sex offender, the duty to register is an element of the offense.  Having used appellant=s sexual assault conviction in Travis County cause number 0912770 to prove that appellant had a duty to register as a sex offender (to prove, in other words, that appellant had the status of being required to register), the State could not also use that conviction to enhance appellant=s punishment pursuant to section 12.42.

The State also urges that *Ramirez*, *Wisdom*, and *Fitzgerald* do not apply here because appellant=s previous sexual assault conviction was not expressly alleged in the indictment as an element of the primary offense; the indictment merely alleged that appellant was required to register.  Although the earlier opinions did hold that it was error for an indictment to allege the same conviction both as an element of the primary offense and to enhance punishment, that holding was based on the rule that the same previous conviction cannot be used both to prove an essential element of the primary offense and to enhance the punishment for the primary offense.  The indictments in *Ramirez*, *Wisdom*, and *Fitzgerald* were defective because they violated this rule.

The State further argues that appellant=s 1991 conviction, at which time he was placed on probation, and the 1993 revocation of probation and imposition of sentence Awere separate and distinct occurrences which served separate and distinct purposes in appellant=s subsequent prosecution@ for failing to register.  The State asserts that it used the Aoriginal, probated conviction to establish appellant=s duty to report as a sex offender,@ but used the Asubsequent revocation and sentence . . . to increase the range of punishment.@  We agree that the original conviction and the subsequent revocation were separate occurrences, but the fact remains that appellant has only one reportable conviction.  The State cannot divide

this single conviction into separate Aoccurrences@ in order to use the same conviction both to prove an element of the offense of failing to register and to enhance the punishment for that offense.

The rule enunciated in *Ramirez*, *Wisdom*, and *Fitzgerald*, and that we apply in this cause, respects the legislature=s authority to define crimes and determine their punishment. The legislature has determined that a person with a single conviction for sexual assault who fails to comply with the sex offender registration program is guilty of a third degree felony. Tex. Pen. Code Ann. ' 62.10(b)(2). But if the State were permitted to use the underlying sexual assault conviction to enhance punishment pursuant to section 12.42, that person would, as a practical matter, be guilty of a second degree felony. *See* Tex. Pen. Code Ann. 12.42(a)(3) (West Supp. 2004). We hold that prosecutors may not avoid the legislature=s determination of the appropriate punishment level by using section 12.42 in that manner.

Point of error two is sustained. Because the error relates only to punishment, the district court=s judgment is affirmed as to guilt. That portion of the judgment imposing sentence is reversed and, because appellant does not challenge the proof of his previous controlled substance conviction, the cause is remanded to the district court for reassessment of punishment pursuant to penal code section 12.42(a)(3). *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2004).

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

11

Affirmed in Part; Reversed and Remanded in Part

Filed:  May 13, 2004

Publish