TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00409-CR






David Bryan Ballard, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 02-103-K277, HONORABLE MICHAEL JERGINS, JUDGE PRESIDING






O P I N I O N



A jury found appellant David Bryan Ballard guilty of failing to register as a sex
offender. See Tex. Code Crim. Proc. Ann. art. 62.10(a), (b)(2) (West Supp. 2004). The jury also
found that appellant had two previous felony convictions and assessed his punishment at
imprisonment for life. In three points of error, appellant contends: the evidence is factually
insufficient to sustain the guilty verdict, the sexual assault conviction giving rise to his duty to report
is void, and the sexual assault conviction was erroneously used to enhance his punishment in this
cause. We will sustain the latter point and remand the cause for reassessment of punishment.


Background


In 1991, appellant pleaded guilty and was convicted of sexual assault of a child in
Travis County cause number 0912770. His sentence was suspended and he was placed on probation. 
In 1993, appellant's probation was revoked and a six-year prison sentence was imposed. On July
6, 1998, before being paroled, appellant signed an adult sex offender registration pre-release
notification form. By this form, appellant was told that he was required to register annually in the
county of his residence for the rest of his life. Appellant was paroled to Brown County, where he
registered on July 15, 1998. He subsequently moved to Travis County, where he registered on April
8, 1999, and to Bastrop County, where he registered on May 3, 1999.

Appellant was briefly reincarcerated for an alleged parole violation. On August 10,
1999, before appellant was released back to parole, he signed another pre-release notification form
advising him of his duty to register. Appellant renewed his registration in Bastrop County on March
3, 2000. Appellant moved to Williamson County in February 2001. He never registered in that
county. In November 2001, appellant was arrested in Williamson County for failing to register, and
this prosecution followed.


Factual Sufficiency


In his first point of error, appellant contends the evidence is factually insufficient to
support the jury's finding that his failure to register in Williamson County was intentional or
knowing. (1) Appellant notes that the sex offender registration program began after he was tried for
the sexual assault, and therefore he was not advised of the registration requirement by either the
convicting court or his attorney when he pleaded guilty. Appellant testified below that he believed
his obligation to register as a sex offender was a condition of parole that ended when his parole was
terminated by a court order on November 12, 1999.

A factual sufficiency review asks whether a neutral review of all the evidence, both
for and against the finding of guilt, demonstrates that the proof of guilt is so weak or the contrary
proof so strong as to preclude a rational finding of guilt beyond a reasonable doubt. Zuniga v. State,
No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004); Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Due deference must be accorded the fact finder's
determinations, particularly those concerning the weight and credibility of the evidence, and the
reviewing court may disagree with the fact finder only when the record clearly indicates that such
a step is necessary to prevent a manifest injustice. Johnson, 23 S.W.3d at 9.

Appellant's claim that he did not know of his continuing duty to register after his
parole ended is belied by the fact that he renewed his sex offender registration in Bastrop County on
March 3, 2000, approximately four months after his parole terminated. His claim is also rebutted
by the evidence of the two pre-release notification forms, both of which clearly stated that appellant
had a lifetime duty to register. We do not find this evidence to be so obviously weak or so greatly
outweighed by appellant's contrary testimony as to undermine our confidence in the jury's
determination that appellant knowingly or intentionally failed to register in Williamson County. 
Point of error one is overruled.


Collateral Attack


In point of error three, appellant argues that the imposition of the duty to register
based on his pre-existing sexual assault conviction rendered that conviction void because it violated
the plea bargain agreement by which he pleaded guilty. Appellant reasons that if the sexual assault
conviction is void, he had no duty to register as a sex offender and therefore could not be convicted
for failing to do so. In short, appellant argues that by requiring him to register, the legislature
nullified his underlying sexual assault conviction and thereby relieved him of his duty to register. 

Appellant did not raise this contention below. See Tex. R. App. P. 33.1(a)
(preservation of error); see also Hill v. State, 633 S.W.2d 520, 525 (Tex. Crim. App. 1982) (op. on
reh'g) (failure to object to proof of allegedly infirm prior conviction forfeits complaint). Moreover,
there is no evidence in the record that appellant's guilty plea in cause number 0912770 was the
product of a plea bargain. Finding the contention neither preserved for review nor supported by the
record, we overrule point of error three.


Enhancement of Punishment


The indictment in this cause alleged that appellant, "being required to register under
the sex offender registration program, intentionally or knowingly failed to comply" with this law in
a variety of respects. (2) The indictment also alleged two previous convictions for the purpose of
enhancement: a Potter County conviction for possessing a prohibited substance in a correctional
facility and the Travis County conviction for sexual assault. In point of error two, appellant urges,
as he did below, that the Travis County sexual assault conviction that gave rise to his duty to register
could not also be used to enhance his punishment for failing to register.

Under the sex offender registration program, a conviction for sexual assault is a
reportable conviction. Tex. Code Crim. Proc. Ann. art. 62.01(5)(A) (West Supp. 2004). A person
who has a reportable conviction is required to register. Id. § 62.02(a). Sexual assault is also
classified under the program as a sexually violent offense. Id. § 62.01(6)(A). A person convicted
of a sexually violent offense has a lifetime duty to register. Id. § 62.12(a)(1). A person with one
conviction for a sexually violent offense must register annually. Id. § 62.06(a). For a person like
appellant who has a lifetime duty to register annually, the failure to register is a third degree felony.
Id. § 62.10(b)(2).

Appellant's Travis County sexual assault conviction did triple duty in this cause. 
First, it served as the reportable conviction that gave rise to appellant's duty to register. Second, it
was the sexually violent offense that determined the term and frequency of appellant's duty to
register, which in turn made appellant's failure to comply a third degree felony. Third, it was one
of the two previous felony convictions relied on to punish appellant as a habitual offender. See Tex.
Pen. Code Ann. § 12.42(d) (West Supp. 2004). We agree with appellant that this last use of the
sexual assault conviction was one use too many. Our conclusion is based on the opinions in Ramirez
v. State, 527 S.W.2d 542 (Tex. Crim. App. 1975), Wisdom v. State, 708 S.W.2d 840 (Tex. Crim.
App. 1986), and Fitzgerald v. State, 782 S.W.2d 876 (Tex. Crim. App. 1990).

Ramirez was a prosecution for unlawful possession of a firearm by a felon. 527
S.W.2d at 543; see Penal Code, 63d Leg., R.S., ch. 399, § 1, sec. 46.05, 1973 Tex. Gen. Laws 883,
964 (amended and renumbered 1993) (current version at Tex. Pen. Code Ann. § 46.04 (West Supp.
2004)). To prove that the defendant had been convicted of a felony involving an act of violence as
the statute then required, the State alleged and proved that the defendant had previously been
convicted of murder. 527 S.W.2d at 543. The same murder conviction was also alleged and proved
for enhancement. Id. The court held that because the murder conviction had been alleged as an
element of the primary offense, it could not also be used to enhance punishment. Id. at 544. (3)

Wisdom was another prosecution for possession of a firearm by a felon under former
section 46.05. 708 S.W.2d at 841. The defendant complained on appeal that the same prior rape
conviction had been used both to prove that he had been convicted of a violent felony and to enhance
his punishment. Id. at 845. The court of criminal appeals agreed that this was improper.


[T]he State was barred from using the appellant's rape conviction to enhance the
offense, after the conviction had been used to allege an essential element of that
offense. The use of a prior conviction to prove an essential element of an offense
bars the subsequent use of that prior conviction in the same indictment for
enhancement purposes.



Id.

Fitzgerald was a prosecution for escape. 782 S.W.2d at 877; see Penal Code, 63d
Leg., R.S., ch. 399, § 1, sec. 38.07, 1973 Tex. Gen. Laws 883, 950 (amended and renumbered 1993)
(current version at Tex. Pen. Code Ann. § 38.06 (West 2003)). Then, as now, escape was a third
degree felony if the defendant had been convicted of a felony. See former Tex. Pen. Code Ann.
§ 38.07(c)(1) (current § 38.06(c)(1)). In Fitzgerald, it was alleged and proved that the defendant
escaped after being convicted of aggravated robbery. 782 S.W.2d at 877. The same aggravated
robbery conviction was also alleged and proved to enhance punishment. Id. The court held that this
double use of the robbery conviction was error, holding that "the State was barred from using to
enhance punishment the same prior felony conviction alleged as an essential element of the primary
offense of escape." Id. at 879 (citing McWilliams v. State, 782 S.W.2d 871, 875-76 (Tex. Crim. App.
1990)).

The State argues that the holdings in Ramirez, Wisdom, and Fitzgerald are no longer
viable in light of the more recent opinion of the court of criminal appeals in State v. Mason, 980
S.W.2d 635 (Tex. Crim. App. 1998). Mason was a prosecution under the current unlawful
possession of a firearm statute. Tex. Pen. Code Ann. § 46.04 (West Supp. 2004). In 1993, the
statute was amended to remove the requirement that the defendant's felony conviction be for a crime
of violence. See Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 46.04, 1993 Tex. Gen.
Laws 3586, 3688. This change in the law applied only to an offense committed on or after the
effective date of the amendment, and the former law continued to apply if any element of the offense
was committed before the effective date. See id. ch. 900, § 1.18, 1993 Tex. Gen. Laws at 3705. The
indictment in Mason alleged that the defendant had possessed a firearm after being finally convicted
of burglary in 1991. 980 S.W.2d at 637. The defendant moved to quash on the ground that the
burglary conviction predated the effective date of the 1993 amendment, and therefore the former
statute applied and the indictment was required to allege a felony conviction for a crime of violence. 
Id. The motion was granted and the State appealed. The court of criminal appeals held that not
every fact that the State must prove at trial is an element of the offense. Id. at 641. The court
concluded that while the defendant's "status as a felon" is an element of the offense defined by
section 46.04, the date of the prior felony conviction is not. Id. Therefore, the savings provision did
not apply and the defendant had properly been indicted pursuant to the new statute. Id. at 641.

The State also refers us to the opinion in Moore v. State, 38 S.W.3d 232 (Tex.
App.--Texarkana 2001, pet. ref'd), a prosecution for failing to register as a sex offender. Noting
that the failure to register had been elevated from a misdemeanor to a felony effective September 1,
1997, and that his reportable conviction was in 1993, the defendant argued that the savings provision
applied and his failure to report could not be prosecuted as a felony. Id. at 235; see Act of June 1,
1997, 75th Leg., R.S., ch. 668, §§ 1, 10, 1997 Tex. Gen. Laws 2253, 2260 & 2264. Citing Mason,
the court of appeals held that the date of the reportable conviction was not an element of the offense
and therefore the savings provision did not apply. Id. at 236. The defendant's "status as a person
with a reportable conviction" was an element of the offense, but the date of that conviction was not. 
Id. (4)

Neither Mason nor Moore addresses the issue before us in this cause. Nevertheless,
the State argues that the reasoning employed in these opinions leads to the conclusion that Ramirez,
Wisdom, and Fitzgerald would be decided differently today. The State argues, "It is the status of
being required to register as a sex offender, and not the underlying crime which creates the status,
which is an element of the offense of failing to comply with sex offender registration. . . . Since
appellant's reportable conviction was not an essential element of the offense . . . , it could be used
to enhance the punishment range for that offense . . . ." We infer that in a prosecution for unlawful
possession of a firearm by a felon or for felony escape, the State would argue that it is the
defendant's status as a convicted felon, and not his underlying felony conviction, that is an element
of the offense, and therefore the prior conviction can be used to enhance the punishment, the
holdings in Mason, Moore, and Fitzgerald to the contrary notwithstanding.

The State's proposed distinction between appellant's status as a person required to
register as a sex offender and appellant's previous conviction for a reportable offense is a distinction
without a difference. By definition, a person who must register is a person with a reportable
conviction. Tex. Code Crim. Proc. Ann. art. 62.02(a). Similarly, a convicted felon is a person with
a felony conviction. In both instances, it is the previous conviction that gives the person the
significant status. To prove that a person is required to register (has the status of being required to
register) is to prove that the person has a reportable conviction, just as to prove that a person is a
convicted felon (has the status of convicted felon) is to prove that he has a previous felony
conviction. 

One element of a criminal offense is the forbidden conduct, which can be an
omission. Tex. Pen. Code Ann. § 1.07(a)(10), (22)(A) (West Supp. 2004). But an omission or
failure to perform an act is not an offense unless there is a legal duty to act. Id. § 6.01(c) (West
2003); see also Billingslea v. State, 780 S.W.2d 271, 274-76 (Tex. Crim. App. 1989). Therefore,
in a prosecution for failing to perform an act, the duty to act is an essential element of the offense. 
See Ronk v. State, 544 S.W.2d 123, 125 (Tex. Crim. App. 1976). In a prosecution for failing to
register as a sex offender, the duty to register is an element of the offense. Having used appellant's
sexual assault conviction in Travis County cause number 0912770 to prove that appellant had a duty
to register as a sex offender (to prove, in other words, that appellant had the status of being required
to register), the State could not also use that conviction to enhance appellant's punishment pursuant
to section 12.42.

The State also urges that Ramirez, Wisdom, and Fitzgerald do not apply here because
appellant's previous sexual assault conviction was not expressly alleged in the indictment as an
element of the primary offense; the indictment merely alleged that appellant was required to register. 
Although the earlier opinions did hold that it was error for an indictment to allege the same
conviction both as an element of the primary offense and to enhance punishment, that holding was
based on the rule that the same previous conviction cannot be used both to prove an essential element
of the primary offense and to enhance the punishment for the primary offense. The indictments in
Ramirez, Wisdom, and Fitzgerald were defective because they violated this rule.

The State further argues that appellant's 1991 conviction, at which time he was placed
on probation, and the 1993 revocation of probation and imposition of sentence "were separate and
distinct occurrences which served separate and distinct purposes in appellant's subsequent
prosecution" for failing to register. The State asserts that it used the "original, probated conviction
to establish appellant's duty to report as a sex offender," but used the "subsequent revocation and
sentence . . . to increase the range of punishment." We agree that the original conviction and the
subsequent revocation were separate occurrences, but the fact remains that appellant has only one
reportable conviction. The State cannot divide this single conviction into separate "occurrences" in
order to use the same conviction both to prove an element of the offense of failing to register and to
enhance the punishment for that offense.

The rule enunciated in Ramirez, Wisdom, and Fitzgerald, and that we apply in this
cause, respects the legislature's authority to define crimes and determine their punishment. The
legislature has determined that a person with a single conviction for sexual assault who fails to
comply with the sex offender registration program is guilty of a third degree felony. Tex. Pen. Code
Ann. § 62.10(b)(2). But if the State were permitted to use the underlying sexual assault conviction
to enhance punishment pursuant to section 12.42, that person would, as a practical matter, be guilty
of a second degree felony. See Tex. Pen. Code Ann. 12.42(a)(3) (West Supp. 2004). We hold that
prosecutors may not avoid the legislature's determination of the appropriate punishment level by
using section 12.42 in that manner.

Point of error two is sustained. Because the error relates only to punishment, the
district court's judgment is affirmed as to guilt. That portion of the judgment imposing sentence is
reversed and, because appellant does not challenge the proof of his previous controlled substance
conviction, the cause is remanded to the district court for reassessment of punishment pursuant to
penal code section 12.42(a)(3). See Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2004).



 __________________________________________

 David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed: May 13, 2004

Publish
1. Article 62.10 does not prescribe a culpable mental state, but neither does it plainly dispense
with any mental element. See Tex. Pen. Code Ann. 6.02(b) (West 2003). The indictment alleged
that appellant intentionally or knowingly failed to register.
2. In this opinion, we use the term "failure to register" to collectively refer to all the acts alleged
and proved.
3. The defendant did not raise this issue at trial or on appeal, but the court considered the
indictment to be fundamentally defective under the case law then prevailing. Ramirez v. State, 527
S.W.2d 542, 544 (Tex. Crim. App. 1975). This explains the opinion's focus on the allegations in
the indictment.
4. This Court reached the same conclusion in an unpublished opinion. Milligan v. State, No. 03-99-00191-CR, 2000 Tex. App. LEXIS 2560, at *7 (Tex. App.--Austin Apr. 20, 2000, pet. ref'd).