IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-42,226-05






EX PARTE ROBERT NEWTON DEAVER, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER C-297-007511-0917184-A IN THE 297TH

DISTRICT COURT TARRANT COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to possession of a firearm by a felon, enhanced by two previous
felony convictions in sequence, and was sentenced to a term of thirty years in prison. There
was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends, inter alia, that his
trial counsel was ineffective for failing to challenge the enhancement paragraph of the
indictment. While the trial court has entered findings of fact and conclusions of law, it is this
Court's opinion that additional information is needed before this Court can render a decision
on this ground for review.

 A guilty plea entered as a result of ineffective assistance of counsel is not knowing
or voluntary. Ex parte Burns, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980). To establish
ineffective assistance of counsel, an applicant must show: (1) his attorney's representation
was below an objective standard of reasonableness, and (2) but for his attorney's errors, the
result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668,
687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.
Crim. App. 1986).

 In a similar case, Ramirez v. State, 527 S.W.2d 542, 543-544 (Tex. Crim. App. 1975), 
the indictment's first paragraph alleged that the defendant possessed a firearm away from the
premises where he lived and that he was previously convicted of murder without malice, a
felony. In a second paragraph, the indictment alleged this same murder without malice
conviction for purposes of enhancement of the punishment. No other prior conviction was
alleged.

 This Court found that the felon in possession statute at issue in Ramirez required, as
an element of the offense, proof of a prior final conviction of a felony involving an act of
violence in addition to proof of the possession of a firearm away from the premises where
the accused lived. Having been alleged as an element of the offense charged in the first
paragraph, the same prior felony conviction, this Court concluded, was not available and
could not be again used to enhance the punishment. See also Hernandez v. State, 929 S.W.2d
11, 13 (Tex. Crim. App. 1996) (State is not permitted to use the same prior conviction more
than once in the same prosecution); Mc Williams v. State, 782 S.W.2d 871, 875 (Tex. Crim.
App. 1990), citing Wisdom v. State, 708 S.W.2d 840, 845 (Tex.Cr.App.1986), Fletcher v.
State, 169 Tex.Cr.R. 506, 335 S.W.2d 613 (App.1960), and Ramirez v. State, 527 S.W.2d at
542 ("The use of a prior conviction to prove an essential element of an offense bars the
subsequent use of that prior conviction in the same indictment for enhancement purposes. 
The rule set down by this Court in Ramirez . . . is still valid"). 

 Here, it appears that the indictment to which Applicant pled guilty was improperly
enhanced as it alleged the same felony offense of driving while intoxicated, dated January
13, 1995, cause number 0566016D, in the 213th District Court of Tarrant county, as both an
element of the offense and as a prior felony conviction for enhancement of punishment. 
However, additional information is needed to assess whether Applicant suffered harm. That
is, whether any other prior felony conviction could have been properly used for the sequential
enhancement had a motion to quash been filed.

 Because this Court cannot hear evidence, Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum. The trial court shall resolve
this issue as set out in Article 11.07, Section 3(d), of the Texas Code of Criminal Procedure.
It shall order the Tarrant County District Attorney to provide a response to this issue with
supporting documentation as well as any other response that may be appropriate to resolving
this application. The trial court may also order depositions, interrogatories, or hold a hearing. 
In the appropriate case, the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent, and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Article
26.04 of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the
hearing. 

 Following the receipt of additional information, the trial court shall determine whether
Applicant was denied effective assistance of counsel, and the trial court shall make any
further findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. Resolution of the issues shall be accomplished by the trial court
within 90 days of the date of this order. (1) A supplemental transcript containing all affidavits
and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition along with the trial court's supplemental findings of fact and conclusions of law,
shall be returned to this Court within 120 days of the date of this order. (2)




DELIVERED: APRIL 12, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.