

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,631-01

### EX PARTE NATHAN ELMER WEVERKA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR24097-A IN THE 35TH DISTRICT COURT
### FROM BROWN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to register as a sex offender and sentenced to twenty-five years' imprisonment as a habitual felon. He did not appeal his conviction.

Applicant contends that his twenty-five year sentence is not lawful. A copy of the indictment and the notice alleging the prior convictions for purposes of the habitual enhancement are in the habeas record. However, it is not clear whether the prior Sexual Assault of a Child conviction alleged in the indictment as the basis for Applicant's duty to register is the same or different

conviction than the Rape of a Child conviction alleged in the habitual enhancement notice. *See Ballard v. State*, 149 S.W.3d 693 (Tex. App.—Austin 2004, PDR ref'd) (holding that the State could not use defendant's prior sexual assault conviction to enhance his sentence for failing to register as sex offender, where the State had already used the same prior sexual assault conviction to prove defendant had duty to register as sex offender).

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall resolve the disputed factual issue. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the habitual enhancement was lawfully applied to Applicant and whether the twenty-five year sentence is authorized by law. In doing so, the trial court shall consider any other prior felony convictions that could have been pled in the enhancement notice. *See Ex Parte Parrott*, 396 S.W.3d 531 (Tex. Crim. App. 2013). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 26, 2017
Do not publish