

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00074-CR

———————————————

BRENT CRENSHAW, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1797353

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

Appellant Brent Crenshaw appeals his 50-year sentence following his felony-murder conviction. Crenshaw raises two issues: (1) the trial court erred in overruling his objection to the State's using a prior felony conviction both to establish the underlying crime and to subject him to the habitual-offender enhancement, and (2) Crenshaw's true plea to the habitual-offender enhancement was not voluntary and knowing. On the first issue, the State concedes error and states that Crenshaw is entitled to a new sentencing hearing. We agree and reverse.

## I. Background Facts and Procedural History

Crenshaw shot and killed a man. The State charged Crenshaw with murder (Count 1), aggravated assault with a deadly weapon (Count 2), and felony murder (Count 3). On the felony-murder count, the State alleged Crenshaw's underlying felony was unlawful possession of a firearm by a felon. *See* Tex. Penal Code Ann. §§ 19.02(b)(3), 46.04. And to establish that underlying felony, the State sought to prove that Crenshaw had previously been convicted of burglary of a habitation.

On the second day of trial, in exchange for the State's waiving Counts One and Two, Crenshaw changed his not-guilty plea on the felony-murder count and entered a guilty plea. Crenshaw also pleaded true to the habitual-offender notice admitting two prior felony convictions. Crenshaw signed a written plea admonishment stating that with the habitual-offender enhancement, he faced a punishment range of life or any

term between 25 and 99 years. The trial court ordered a presentence-investigation report (PSI).

At the sentencing hearing, the State sought to enhance Crenshaw's punishment by establishing that Crenshaw was a habitual offender. But the PSI only contained two prior felony convictions, one of which was the burglary-of-a-habitation conviction that the State had already used to prove Crenshaw's felony-murder offense.

Although Crenshaw agreed that the allegations in the habitual-offender notice were true, he objected to the State's using the same prior conviction in two ways: to establish both the underlying felony-murder offense and the habitual-offender enhancement. Crenshaw argued that without the habitual-offender enhancement, he faced a punishment range of life or any term between 15 and 99 years. The trial court overruled Crenshaw's objection, "find[ing] that his range of punishment [was] anywhere from 25 to 99 years . . . ."

In closing, Crenshaw said that he had wanted to ask for 20 years but was instead asking for 25 years. The State asked for life. The trial court assessed Crenshaw's punishment at 50 years' confinement and sentenced him accordingly.

## II. Discussion

On appeal, Crenshaw first argues that the trial court erred in overruling his objection to the State's using the prior conviction both to convict Crenshaw and to enhance his punishment. Second, Crenshaw maintains that his plea of true to the

3

habitual-offender enhancement was not voluntary. As for both issues, Crenshaw asks us to reverse for a new sentencing hearing. The State responds that Crenshaw is entitled to a new sentencing hearing. Because we agree that Crenshaw is entitled to a new sentencing hearing, we reverse.

### A. Impact of the State's use of the same prior conviction

Regarding Crenshaw's first issue complaining of the State's using his prior conviction to both convict Crenshaw and enhance his punishment, the Court of Criminal Appeals has long held that in prosecuting for possession of a firearm by a felon, the same prior felony cannot be used both to establish the underlying offense's felon-element and to also enhance punishment under separate enhancement provisions in the Penal Code. *Wisdom v. State*, 708 S.W.2d 840, 845 (Tex. Crim. App. 1986); *Ramirez v. State*, 527 S.W.2d 542, 543–44 (Tex. Crim. App. 1975). Crenshaw and the State agree—and the record confirms—that that is what happened here. Instead of facing a 15-to-life punishment range, Crenshaw erroneously faced a 25-to-life punishment range. *See* Tex. Penal Code Ann. §§ 12.42(c)(1), (d).

Absent an express waiver, criminal defendants have the right to have their punishment assessed in light of the correct punishment range. *Grado v. State*, 445 S.W.3d 736, 741–43 (Tex. Crim. App. 2014); *Van Flowers v. State*, 629 S.W.3d 707, 712 (Tex. App.—Houston [1st Dist.] 2021, no pet.). "[A] judge has an independent duty both to identify the correct statute under which a defendant is to be sentenced and the range of punishment it carries and to consider the entire range of punishment

4

in sentencing a defendant." *Biosah v. State*, No. 14-20-00243-CR, 2023 WL 5286952, at *6 (Tex. App.—Houston [14th Dist.] Aug. 17, 2023, no pet.) (mem. op., not designated for publication) (quoting *Grado*, 445 S.W.3d at 741). Punishment is error—even if the sentence falls within the correct punishment range—when the trial court considers an incorrect range. *Id.*; *Karr v. State*, 685 S.W.3d 206, 214–15 (Tex. App.—Fort Worth 2024, no pet.) (concerning trial court's use of wrong punishment range); *Van Flowers*, 629 S.W.3d at 712 (reversing when the trial court incorrectly concluded the statutory minimum was 15 rather than ten years' imprisonment). The issue then is whether Crenshaw was harmed by his 50-year sentence, which fell within both ranges.

Our prior decision in *Karr* is instructive. There, the trial court announced that Karr faced a five-to-life punishment range, but because of an improper enhancement, Karr should have only faced a two-to-20 year punishment range. 685 S.W.3d at 213–14, 216. The trial court assessed Karr's punishment at 15 years, which was within both ranges. *Id.* at 216.

We observed that, in the abstract, we could not imagine how the increased range benefited Karr. *Id.* at 217. On the other hand, we could not conclude "that the net result of applying the harsher range was a wash under the circumstances." *Id.* "Rather than assume that the trial court would have assessed the same punishment if it had applied the correct range of punishment, we conclude[d] the better course [was] to ensure the integrity of the sentencing procedure" and to "insist on a punishment assessed under the correct law." *Id.* (citing *Grado*, 445 S.W.3d at 741). Under the same

5

rationale, we sustain Crenshaw's first issue and remand his case to the trial court to conduct a new punishment hearing to reassess punishment in light of the correct punishment range. *See id.*; *see also* Tex. Code Crim. Proc. Ann. art. 44.29(b); *Levy v. State*, 818 S.W.2d 801, 802–03 (Tex. Crim. App. 1991); *Biosah*, 2023 WL 5286952, at *7; *Van Flowers,* 629 S.W.3d at 714.

### B. Voluntariness of true plea

In his second issue, Crenshaw argues that his true plea to the habitual-offender notice was not voluntary and knowing because he was not informed that the State was going to use the same prior conviction to support an element of his underlying conviction and to enhance his punishment. Crenshaw prays for a new sentencing hearing—the same relief as he requests in his first issue. Because Crenshaw's second issue seeks no greater relief than he is already obtaining, we need not reach it. *See* Tex. R. App. P. 47.1

### III. Conclusion

We affirm the trial court's judgment as to Crenshaw's felony-murder conviction. Having found error in the punishment hearing, we reverse the trial court's judgment as to Crenshaw's punishment and remand the case to the trial court for a new punishment hearing consistent with this opinion.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  December 19, 2024