IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00379-CR

 

Ronald Holoman,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 23116

 



MEMORANDUM  Opinion










 

        Holoman appeals his conviction
for third-degree-felony failure to comply with sex offender registration
requirements under former Texas Code of Criminal Procedure Article 62.10, the
punishment being enhanced to that for a second-degree felony by a prior felony
conviction.  See Act of June 1, 1997, 75th Leg., R.S., ch. 668,
§ 1, art. 62.10(a), 1997 Tex. Gen. Laws 2253, 2260 (amended 2005)
(current version at Tex. Code
Crim. Proc. Ann. art. 62.102(a) (Vernon 2006)); Act of May 26, 1999,
76th Leg., R.S., ch. 444, § 9, sec. (b)(2), 1999 Tex. Gen. Laws 2824, 2828
(amended 2005) (current version at Tex.
Code Crim. Proc. Ann. art. 62.102(b)(2) (Vernon 1996)); Tex. Penal Code Ann. § 12.42(a)(3)
(Vernon Supp. 2007).  We affirm.

        Legally Sufficient
Evidence.  In Holoman’s first issue, he contends that the evidence was
legally insufficient.  

        In evaluating the legal
sufficiency of the evidence of guilt, “the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.”  Herrera v. Collins, 506 U.S. 390, 401 (1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)) (emphasis in Jackson); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)
(quoting Jackson, 443 U.S. at 319); Carter v. State, 717
S.W.2d 60, 68 (Tex. Crim. App. 1986).

In a sufficiency review, the essential elements of
the offense are those of a hypothetically correct jury charge for the case; one
that accurately sets out the law and adequately describes the offense for which
the defendant was tried without increasing the State’s burden of proof or
restricting the State’s theories of liability.

Hooper v. State, 214 S.W.3d 9, 14 (Tex. Crim. App. 2007) (citing Malik
v. State, 953 S.W.2d 234 (Tex. Crim. App. 1997)).  “[A]llegations giving
rise to immaterial variances” between the allegations and the evidence “may be
disregarded in the hypothetically correct jury charge, but allegations giving
rise to material variances must be included.”  Fuller v. State, 73
S.W.3d 250, 253 (Tex. Crim. App. 2002) (quoting Gollihar v. State, 46
S.W.3d 243, 257 (Tex. Crim. App. 2001)).  “[O]nly a ‘material’ variance
will render the evidence insufficient.”  Gollihar, 46 S.W.3d at
257.  “[T]his ‘materiality’ inquiry requires a determination of whether the
variance deprived the defendant of notice of the charges or whether the
variance subjects the defendant to the risk of later being prosecuted for the
same offense.”  Fuller at 253 (citing Gollihar at 257).  “[T]he
issue is whether [the] indictment ‘informed [the] appellant of the charge
against him sufficiently to allow him to prepare an adequate defense at
trial.”  Flenteroy v. State, 187 S.W.3d 406, 411 (Tex. Crim. App. 2005)
(quoting Gollihar at 248).  “[I]n order for a variance to be material,
it must mislead a party to his prejudice.”  Santana v. State, 59 S.W.3d
187, 194 (Tex. Crim. App. 2001).  “[T]he burden of demonstrating surprise or
prejudice rests with the defendant.”  Id. (citing Human v.
State, 749 S.W.2d 832, 837 (Tex. Crim. App. 1988) et al.).

        A variance in the section
number of the Article 62 requirement that the defendant is alleged to have
failed to comply with is not material.  See Ramos v. State, No.
06-05-00103-CR, 2006 Tex. App. LEXIS 3750, at *3-9 (Tex. App.—Texarkana May 4,
2006, no pet.) (not designated for publication) (mem. op.).  

        The indictment alleged that Holoman:

on or about the 23rd day of June, 2005,
. . . while being a person required to register with the local law
enforcement authority in the county where [he] resided or intended to reside
for more than seven days, to-wit: Walker County, because of a reportable
conviction for Aggravated Sexual Assault, intentionally, knowingly, or
recklessly fail[ed] to notify the local law enforcement agency designated as
his primary registration authority of his intention to change his address not
later than the seventh day prior to the intended change as required by Article
62.005 of the Texas Code of Criminal Procedure.

(C.R. at 2.)[1]  Holoman argues:

In a prosecution for failing to
register as a sex offender, the duty to register is an element of the offense. 
Ballard v. State, 149 S.W.3d 693, 699 (Tex. App.—Austin 2004, pet.
ref’d).

       . . . .  [T]here was no Article
62.005 in existence in June, 2005.  Appellant had no duty to REGISTER AS A
SEX OFFENDER “as required by Article 62.005 of the Texas Code of
Criminal Procedure.”

(Br. at 17-18 (emphasis in orig.)
[(quoting C.R. at 2)].)

        Former Code of Criminal
Procedure Chapter 62, in effect at the time of Holoman’s offense, provided, “A
person commits an offense if the person is required to register and fails to
comply with any requirement of this chapter.”  Act of June 1, 1997, 75th Leg.,
R.S., ch. 668, § 1, art. 62.10(a), 1997 Tex. Gen. Laws at 2260 (amended
2005).  As to the general registration requirement, the statute provided: “A
person who has a reportable conviction . . . shall register
. . . with the local law enforcement authority in any municipality
where the person resides or intends to reside for more than seven days”; or,
“[i]f the person does not reside or intend to reside in a municipality, the
person shall register . . . in any county where the person resides or
intends to reside for more than seven days.”  Act of May 26, 1999, 76th Leg.,
R.S., ch. 444, § 1, 1999 Tex. Gen. Laws 2824, 2824 (amended 2005) (current
version at Tex. Code Crim. Proc. Ann.
art. 62.051(a) (Vernon 1996)).  “Reportable conviction” included a conviction
for aggravated sexual assault.  Act of May 30, 2003, 78th Leg., R.S., ch. 1005,
§ 8, sec. (5)(A), 2003 Tex. Gen. Laws 2944, 2946 (amended 2005) (current
version at Tex. Code Crim. Proc. Ann.
art. 62.001(5)(A) (Vernon Supp. 2007)); see Tex. Penal Code Ann. § 22.021(a) (Vernon Supp. 2007).  Former
Chapter 62 provided, “For each person subject to registration under this
chapter, the [Texas D]epartment [of Public Safety] shall determine which local
law enforcement authority serves as the person’s primary registration authority
based on the municipality or county in which the person resides or
. . . the municipality or county in which the person works or attends
school.”  Act of May 30, 2003, 78th Leg., R.S., ch. 347, § 2, sec. (a),
2003 Tex. Gen. Laws 1505, 1506 (amended 2005) (current version at Tex. Code Crim. Proc. Ann. art.
62.004(a) (Vernon 1996)); see Act of June 1, 1997, 75th Leg., R.S., ch.
668, § 1, art. 62.01(1), 1997 Tex. Gen. Laws at 2253 (amended 2005, 2007)
(current version at Tex. Code Crim.
Proc. Ann. art. 62.001(1) (Vernon Supp. 2007)).  Among the other, specific
registration requirements of former Chapter 62 was that of former Article
62.04, which provided:

       If a person required to register intends to
change address, . . . the person shall, not later than the seventh
day before the intended change, report in person to the local law enforcement
authority designated as the person’s primary registration authority by the
[D]epartment and to the . . . parole officer supervising the person
and provide the authority and the officer with the person’s anticipated move
date and new address.

Act of May 30, 2003, 78th Leg., R.S.,
ch. 347, § 7, sec. (a), 2003 Tex. Gen. Laws at 1509 (amended 2005) 
(current version at Tex. Code Crim.
Proc. Ann. art. 62.055(a) (Vernon 1996)).

        The application paragraph of
the jury charge, following the indictment, instructed the jury to find Holoman
guilty if it found

from the evidence beyond a reasonable doubt, that
on or about the 23rd day of June, 2005, in the County of Walker, and
State of Texas, the defendant, Ronald Earl Holoman, did then and there, while
being a person required to register with the local law enforcement authority in
the county where the defendant resided or intended to reside for more than
seven days, to-wit: Walker County, because of a reportable conviction for Aggravated
Sexual assault, intentionally or knowingly or recklessly fail to notify the
local law enforcement agency designated as his primary registration authority
of his intention to change his address not later than the seventh day prior to
the intended change as required by Article 62.005 of the Texas Code of Criminal
Procedure . . . .

(C.R. at 22-23.)  Except for the
reference to “Article 62.005” instead of Article 62.055 or its predecessor
Article 62.04, that instruction accurately sets out the law, as modified by the
indictment.

        Holoman does not argue that
the indictment did not inform him of the charge against him sufficiently to
allow him to prepare an adequate defense.  Holoman was convicted of aggravated
sexual assault in 1993, and was released to parole in 2005.  His designated
primary registration authority was the Sheriff of Walker County.  Holoman’s
parole officer and the sheriff’s deputy responsible for registration of sex
offenders informed Holoman of the registration requirements, including the requirement
to notify the Sheriff in advance of a change of address.  Upon Holoman’s
release, he signed a sex-offender registration form to the effect that, “I HAVE
BEEN NOTIFIED AND UNDERSTAND THE REQUIREMENTS OF MY DUTY TO REGISTER AS A SEX
OFFENDER IN TEXAS PURSUANT TO THE PROVISIONS SET FORTH IN CHAPTER 62, CCP
(INCLUDING ARTICLE 62.04 CCP).”  (State Ex. 2.)  Holoman also initialed and
signed an affirmation to the effect that:

I further understand pursuant to Chapter 62, of
the Texas Code of Criminal Procedure that if I intend to change my address,
I shall not later than the seventh (7th) day before the
intended change, report in person to the law enforcement
authority with whom I last registered . . . and provide
. . . the authority . . . with my anticipated move date and
new address.

(State Ex. 4, at [1] (emphasis in
orig.)).  Holoman also initialed and signed two notification forms to the
effect that, “[N]ot later than 7 days prior to any change of address, I must
notify . . . the last registering law enforcement agency of my new
address . . . .”  (State Exs. No. 1, at [2], No. 3, at
[1].)  Holoman cannot establish surprise or lack of notice of the
change-of-address requirements.  The allegation of the section number in the
indictment does not give rise to a material variance.

        Holoman points to the absence
of certain evidence that he “actually resided at” the new address alleged by
the State, such as evidence that the utility services there were in his name. 
(Br. at 17.)  The State points primarily to the following evidence.  When a
deputy sheriff responded to a 9-1-1 call to that address, Holoman was there and
admitted that he had lived there for about a month; and Holoman’s girlfriend
stated that Holoman lived there.  

        Viewing the evidence in the
light most favorable to the State, we hold that a rational juror could have
found Holoman guilty beyond a reasonable doubt.  We overrule Holoman’s first
issue.

        Effective Assistance of
Counsel.  In Holoman’s second and third issues, he contends that his
trial counsel failed to render the effective assistance of counsel.

        “In all criminal prosecutions,
the accused shall enjoy the right . . . to have the Assistance of
Counsel for his defence.”  U.S. Const.
amend. VI; see Rompilla v. Beard, 545 U.S. 374, 380 (2005); Strickland
v. Washington, 466 U.S. 668, 686 (1984).  “Ineffective assistance under Strickland
[v. Washington] is deficient performance by counsel resulting in
prejudice, with performance being measured against an ‘objective standard of
reasonableness,’ ‘under prevailing professional norms.’”  Rompilla at
380 (quoting Strickland at 687, 688).  “[T]o establish prejudice, a
‘defendant must show that there is a reasonable probability that, but for
counsel’s unprofessional errors, the result of the proceeding would have been
different.  A reasonable probability is a probability sufficient to undermine
confidence in the outcome.’”  Wiggins v. Smith, 539 U.S. 510, 534 (2003) (quoting Strickland at 694); see Rompilla at 390.  

        “[C]ounsel is ‘strongly presumed’ to make
decisions in the exercise of professional judgment.”  Yarborough v. Gentry, 540
 U.S. 1, 5 (2003) (quoting Strickland, 466 U.S. at 690).  “That
presumption has particular force where a petitioner bases his
ineffective-assistance claim solely on the trial record, creating a situation
in which a court ‘may have no way of knowing whether a seemingly unusual or
misguided action by counsel had a sound strategic motive.’”  Id. at
5-6 (quoting Massaro v. United States, 538 U.S. 500, 505 (2003))
(internal citation omitted).  “A Strickland claim must be ‘firmly
founded in the record’ and ‘the record must affirmatively demonstrate’ the
meritorious nature of the claim.”  Goodspeed v. State, 187 S.W.3d 390,
392 (Tex. Crim. App. 2005) (quoting Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999)); accord Ex parte Ellis, 233 S.W.3d 324, 330
(Tex. Crim. App. 2007); Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005).  “In the absence of anything in the record affirmatively
demonstrating otherwise, we presume that . . . counsel made a
reasonable and strategic decision . . . .”  Salinas at
740; accord Ellis at 330.

Direct appeal is usually an inadequate vehicle for
raising [an ineffective-assistance] claim because the record is generally
undeveloped.  This is true with regard to the question of deficient
performance—in which counsel’s conduct is reviewed with great deference,
without the distorting effects of hindsight—where counsel’s reasons for failing
to do something do not appear in the record.

Goodspeed at 392 (internal footnotes omitted); see
Wiggins, 539 U.S. at 523; Strickland, 466 U.S. at 689; Mata v.
State, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007); Thompson at 814. 
“It is not appropriate for an appellate court to simply infer ineffective assistance
based upon unclear portions of the record.”  Mata at 432.

        “[T]rial counsel should
ordinarily be afforded an opportunity to explain his actions before being
denounced as ineffective.”  Goodspeed, 187 S.W.3d at 392 (quoting
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)); accord
Andrews v. State, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005).  “Absent such
an opportunity, an appellate court should not find deficient performance unless
the challenged conduct was ‘so outrageous that no competent attorney would have
engaged in it.’”  Goodspeed at 392 (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).  

        In Holoman’s second issue, he
complains that counsel advised him to plead “true” to a punishment allegation
for which no judgment was admitted into evidence.  At the time of Holoman’s
plea, counsel may well not have known what evidence the State would offer to
prove the punishment allegations.  In Holoman’s third issue, he complains that
counsel advised him to plead “true” to a punishment allegation for a conviction
that Holoman argues was void.  Holoman does not show the reasons for counsel’s
conduct in either regard in the record.  Besides the convictions in the two
punishment allegations of which Holoman complains, the State alleged and proved
eight other prior felony convictions, more than enough to increase the range of
his punishment, only one being required.  Those other convictions are not
subject to the arguments in Holoman’s second and third issues.  Holoman does
not show that trial counsel rendered deficient performance or that Holoman
suffered prejudice from counsel’s performance, and thus does not show that
Holoman did not receive the effective assistance of counsel.  We overrule
Holoman’s second and third issues.

        Conclusion.  Having overruled Holoman’s
issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

        (Justice Vance concurs in the judgment)

Affirmed

Opinion delivered and filed May 21, 2008

Do not publish

[CR25]









                [1] Prior
to Holoman’s offense, an Article 62.005 had existed in the Code of Criminal
Procedure, but it did not concern sex-offender registration requirements, and
was renumbered in 1999.  See Act of May 26, 1997, 75th Leg., R.S., ch.
1427, § 1, art. 62.005, 1997 Tex. Gen. Laws 5487, 5488 (renumbered 1999)
(current version at Tex. Code Crim.
Proc. Ann. art. 63.005 (Vernon 2006)); Act of Apr. 23, 1999, 76th Leg.,
R.S., ch. 62, § 19.01(8)(A), 1999 Tex. Gen. Laws 127, 412.  The current
Article 62.005, enacted in 2005 before Holoman’s indictment but after his
offense, does concern sex-offender registration, but concerns the obligations
of the Department of Public Safety with regard to the registration program, not
registrants’ obligations under the program.  See Tex. Code Crim. Proc. Ann. art. 62.005 (Vernon 1996); Act of
May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, art. 62.005, 2005 Tex.
Gen. Laws 3385, 3388-89; id. § 4.01, 2005 Tex. Gen. Laws at 3422.