In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00066-CR
_____

THOMAS LOUIS VANHOOK, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 10743JD

ORDER

A jury found Thomas Louis VanHook guilty of the offense of failure to comply with sex offender registration requirements (enhanced by prior convictions), and assessed punishment at forty years in prison. *See* Tex. Code Crim. Proc. Ann. art. 62.102(a),(b)(2) (West 2006).

VanHook's appellate counsel filed a brief that presents counsel's professional evaluation of the record and concludes there are no arguable points of error. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). VanHook filed a *pro se* response. The Court of

1

Criminal Appeals has explained that an appellate court may determine in an *Anders* case either (1) "that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error"; or (2) "that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). After reviewing the clerk's record, the reporter's record, the *Anders* brief, and the *pro se* response, it appears that arguable grounds for appeal may exist, possibly including the use of a prior conviction that is an element of the offense to enhance the offense. *See Ballard v. State*, 149 S.W.3d 693, 699-700 (Tex. App.—Austin 2004, pet. ref'd); Tex. Code Crim. Proc. Ann. art. 62.102(b)(2); Tex. Penal Code Ann. § 12.42 (a) (West Supp. 2012).

It is, therefore, ORDERED that appellate counsel's motion to withdraw as counsel of record is granted; the appeal is ABATED; and the cause is REMANDED to the trial court for appointment of new counsel to rebrief the appeal on the issue identified, as well as on any additional arguable grounds the attorney may find. *See In re Schulman*, 252 S.W.3d 403, 406-12 (Tex. Crim. App. 2008); *compare Stafford v. State*, 813 S.W.2d 503, 510-11 (Tex. Crim. App. 1991). A supplemental clerk's record containing the order appointing new counsel shall be filed with the Court by May 6, 2013. Appellant's brief shall be due thirty days after the supplemental clerk's record is filed. The State's brief shall be due thirty days after the appellant's brief is filed. We remove the case from the

2

submission docket. The appeal will be re-submitted after the briefs on the merits have been filed.

ORDER ENTERED April 4, 2013.

PER CURIAM

Before Gaultney, Kreger, and Horton, JJ.