**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00277-CR**
**NO. 09-15-00278-CR**

_____

**CLIFTON LEON MUNDAY JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 258th District Court**
**Polk County, Texas**
**Trial Cause Nos. 23943 and 23414**

**MEMORANDUM OPINION**

In two cases, which the trial court consolidated for trial, a jury convicted Clifton Leon Munday Jr. of failing to comply with his duty to update his registration as a convicted sex offender as required by the sex offender registration program. *See* Chapter 62, Tex. Code Crim. Proc. Ann. art. 62.001-.408 (West 2006 & Supp. 2016). In two issues, Munday challenges the sufficiency of the evidence supporting

1

the jury's findings that he failed to comply with his duty to update his registration. We affirm.

Background

Based on Munday's pleas of no contest in 1989, a Florida Circuit Court convicted Munday on three separate counts of sexual battery, all of which were based on crimes that occurred in August 1988. *See* FLA. STAT. ANN. § 794.011(1)(h) (LexisNexis 2017) (defining the offense of sexual battery). Munday was sentenced to five and one-half years in prison for each of the three offenses of sexual battery, and he was ordered to serve his sentences concurrently. In 1991, the Florida Department of Corrections released Munday from prison.

After he was released from prison in Florida, Munday moved to Polk County, Texas. In 2007, based on conduct that occurred in Polk County, Munday was charged and subsequently convicted of assaulting a public servant. In 2009, Munday was paroled from the Texas Department of Corrections, who advised him that he needed to register as a convicted sex offender as a condition of his parole. After he was on parole, Munday registered as a convicted sex offender on a regular basis with the Polk County Sheriff's Office until December 2013. According to Gary Wright, who testified in Munday's trial, he is the deputy charged with the responsibility of registering sex offenders living in Polk County. Deputy Wright testified that

2

according to records maintained by the Sheriff's Office, Munday was required to update his registration with the Sheriff's Office every ninety days and to continue to register as a convicted sex offender throughout his life.

In March 2014, Munday failed to appear in Deputy Wright's office to update his registration. Subsequently, Deputy Wright located Munday at an address that was different from the address that Munday used the last time that he registered. Deputy Wright indicated that when he located Munday, Munday told him that an attorney had advised him that he was not required to update his registration. According to Deputy Wright, Munday told him to leave, but before he left, he told Munday that if Munday failed to come in and update his registration within seven days, he would be arrested. When Munday failed to update his registration, Deputy Wright executed an information and charged Munday with failing to comply with his duty to register as a convicted sex offender.

In May 2014, a grand jury indicted Munday in Cause Number 23414, for failing to update his registration in Polk County's sex-offender records, alleging that Munday failed to update his registration in April 2014. The indictment alleges that Munday's three convictions in Cause Number 8802885CFAWS in Florida for sexual battery are sexually violent offenses that required Munday to update his registration with the Polk County Sheriff's Office quarterly for the remainder of his life.

In 2015, a second Polk County grand jury indicted Munday for failing to update his registration, alleging that Munday failed to appear to update his registration in December 2014. The second case was assigned Cause Number 23943, and the indictment also alleged that Munday's Florida convictions were convictions of sexually violent offenses that required Munday to register quarterly as a sex offender in Texas for the remainder of his life.

Subsequently, the trial court consolidated Cause Numbers 23943 and 23414 for trial. The cases were tried in June 2015. In the guilt-innocence phase of the trial, the jury found Munday guilty of both offenses. In the punishment phase of Munday's trial, which was conducted without a jury, the trial court ordered Munday to serve seven-year sentences, with the sentences running concurrently.

Sex-Offender Registration Requirements

In his appeal, Munday contends that the sex offender registration program did not require that he register as a convicted sex offender in Texas because the State failed to prove that he had a "reportable conviction" from another state that contained elements substantially similar to the elements of Texas offenses requiring sex offenders to register with local law enforcement. Under Chapter 62 of the Code of Criminal Procedure, persons convicted on or after September 1, 1970, of sexually related offenses in states other than Texas who have "reportable convictions" have

4

a duty to register with local law enforcement should they reside in Texas. *See* Tex. Code Crim. Proc. Ann. arts. 62.002(a) (West 2006); 62.001(5)(H) (West Supp. 2016)[1] (defining "reportable conviction" to include violations of the laws of another state that are substantially similar to the elements of various specifically listed crimes). Under the Code of Criminal Procedure, a person with a duty to register under the sex offender registration program commits a crime by failing to comply with his duty to update the information in his registration as required by Chapter 62. *See* Tex. Code Crim. Proc. Ann. art. 62.102(a) (West Supp. 2016); *Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011); *Varnes v. State*, 63 S.W.3d 824, 829 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Individuals convicted of "sexually violent offenses" are required to renew their registrations for life. Tex. Code Crim. Proc. Ann. art. 62.101(a)(1) (West Supp. 2016) (creating lifetime obligation to register for persons convicted of sexually violent offenses). The list of offenses the sex offender registration program labels as "sexually violent offenses" specifically includes the crime of sexual assault as that crime is defined by the Texas Penal Code. Tex. Code Crim. Proc. Ann. art.

---

[1] Although the Legislature amended section 62.001 of the Code of Criminal Procedure in 2015, after the commission of the offenses involved in Munday's cases, the changes in the section are not pertinent to his appeal. For convenience, we cite the current version of the statute.

62.001(6)(A) (West Supp. 2016) (defining "sexually violent offense" to include sexual assault). After initially registering with local law enforcement officials as a sex offender, a person who has been convicted of two or more sexually violent offenses must report to local law enforcement every ninety days "to verify the information in the registration form maintained by the authority for that person." Tex. Code Crim. Proc. Ann. art. 62.058(a) (West Supp. 2016).[2]

The Texas sex offender registration program was originally enacted in 1991. *See* Act of May 26, 1991, 72nd Leg., R.S., ch. 572, § 1, art. 6252-13c.1, sec. 8, 1991 Tex. Gen. Laws 2029, 2030 (creating a sex offender registration program requiring those with reportable convictions dating to September 1, 1991, register with local law enforcement). Based on the language in the sex offender registration program as enacted in 1991, Munday did not have a "reportable conviction" that related to his 1989 convictions in Florida when he moved to Texas in 1991. *Id.* However, in 2005, the Legislature amended the statute to expand the definition of "reportable convictions" to include individuals with convictions incurred on or before September 1, 1970. *See* Act of May 26, 2005, 79th Leg., R.S., ch. 1008, § 1.01, art.

---

[2] Unless otherwise noted, we cite the current version of the statutes relied on in the opinion unless changes were made to the statute that are relevant to the issues in Munday's appeal.

62.002, 2005 Tex. Gen. Laws 3385, 3388 (current version at Tex. Code Crim. Proc. Ann. art. 62.002 (West 2006)) (providing that the chapter applies to reportable convictions occurring on or after September 1, 1970); Act of May 26, 2005, 79th Leg., R.S., ch. 1008, art. 4, sec. 4.01(a), 2005 Tex. Gen. Laws 3385, 3422 (providing that the changes to article 62.002 apply to offenses committed *before*, on or after September 1, 2005, the effective date of the Act) (emphasis added). While Munday has not raised an *ex post facto* challenge to the sex offender registration program in his appeal, we note that courts have held that the retroactive application of sex offender registration statutes do not violate the *Ex Post Facto* Clause. *See Smith v. Doe*, 538 U.S. 84, 105-06 (2003) (rejecting *ex post facto* challenge to Alaska's Sex Offender Registration Act); *Rodriguez v. State*, 93 S.W.3d 60, 79 (Tex. Crim. App. 2002) (rejecting *ex post facto* challenge to Chapter 62).

Munday's convictions are based on his alleged failure to satisfy the ninety-day reporting requirements in article 62.058 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 62.058(a). Under section 62.058, a convicted sex offender with two or more convictions for sexually violent crimes is required to update his sex offender registration with local law enforcement quarterly, based on a date that is calculated so that it falls within a fourteen-day window from the date the sex offender last updated the information maintained on him by local law

enforcement officials in its registry of convicted sex offenders. *Id*. Under the sex offender registration program, a convicted sex offender must provide information to local law enforcement that includes his current address. *See* Tex. Code Crim. Proc. Ann. art. 62.051(c) (West Supp. 2016). In Munday's cases, the indictments alleged that Munday failed to update the information that was on file about him with local law enforcement officials in April 2014 and in December 2014.

Standard of Review

In Munday's appeal, he argues the State failed to prove that he had "reportable convictions" as that term is defined in article 62.001(5)(H) of the Code of Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 62.001(5)(H). Essentially, Munday contends the State failed to prove that prior to his arrests, the Department of Public Safety had compared the version of the sexual battery statute under which Munday was convicted with the elements required to prove sexual assault in Texas.

To resolve the questions Munday raises in his appeal, we must determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found that he violated the requirements of the sex offender registration program based on a standard of beyond reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979). Under the sex offender registration program, a person commits an offense by failing to comply with the program's

8

registration requirements if the person (1) has a reportable conviction or adjudication, (2) is required to register, (3) fails to comply with that requirement, and (4) his duty to register has not expired. *See Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012).

Article 62.001(5) defines "reportable conviction" to include sexual assault. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(A) (West Supp. 2016); Tex. Penal Code Ann. § 22.011 (West 2011). Under Chapter 62, a "reportable conviction" includes violations of the laws of another state, if the offense as defined by the laws of the other state contains "elements that are substantially similar to the elements of an [enumerated list of offenses that include sexual assault]." Tex. Code Crim. Proc. Ann. art. 62.001(5)(H). Under Chapter 62, the Department of Public Safety is responsible for determining if offenses in other states contain elements that are substantially similar to the elements of the offenses qualifying as reportable convictions that are listed in Chapter 62. Tex. Code Crim. Proc. Ann. art. 62.001(1) (West Supp. 2016) (defining "Department" as the Department of Public Safety), art. 62.003 (West 2006) (delegating the responsibility of making substantially similar determinations regarding the laws of other states to the Department). When the State is relying on convictions of crimes in other states to prove a violation of the sex offender registration program, the State must prove that the Department of Public

Safety has compared the elements of crimes defined by statutes in other states with those found in the list that is in Chapter 62, which by definition are reportable convictions, to prove that an individual has a "reportable conviction" under the sex offender registration program. *See Crabtree*, 389 S.W.3d at 828, 832.

On appeal, the question of whether sexual battery, as sexual battery is defined by Florida's law, satisfies the requirements of article 62.001(5)(H) is a matter that is reviewed as a question of law. *See id.* at 832. However, the question of whether the State presented evidence to show that the Department of Public Safety determined that sexual battery and sexual assault are crimes that contain substantially similar elements is reviewed as a question of fact under the *Jackson* standards. *See id.* at 832-33.

Analysis

Munday presents three arguments to support the two issues that he raises in his appeal. First, Munday argues that the State failed to meet its burden to prove that the Department of Public Safety had determined, prior to his arrest, that the crime of sexual battery contains elements that are substantially similar to those required to prove sexual assault. *Compare* FLA. STAT. ANN. § 794.011(1)(h) (Sexual Battery), *with* Tex. Penal Code Ann. § 22.011 (Sexual Assault). Second, Munday argues that the evidence is legally insufficient to prove that he was notified by the Department

10

of Public Safety prior to his arrest that the sex offender registration program applied to him. Third, Munday argues that the evidence admitted in his trial was insufficient to prove that sexual battery is a "sexually violent offense" as defined by Chapter 62. *See* Tex. Code Crim. Proc. Ann. art. 62.001(6) (West Supp. 2016) (defining "sexually violent offense").

First, we address Munday's insufficiency arguments claiming the State failed to prove that the Department of Public Safety had evaluated the similarities between the sexual battery statute under which Munday was convicted and sexual assault. In Munday's trial, Randy Ortega was the only witness who addressed when the Department of Public Safety first compared Florida's sexual battery statute with the offense of sexual assault. *Compare* FLA. STAT. ANN. § 794.011(1)(h) (Sexual Battery), *with* Tex. Penal Code Ann. § 22.011 (Sexual Assault). Ortega indicated that he is the managing attorney for the crime records service at the Texas Department of Public Safety, and he explained that his current duties include evaluating whether the laws of other states are substantially similar to the enumerated list of sex-offender offenses described in Chapter 62. *See* Tex. Code Crim. Proc. Ann. art. 62.003. According to Ortega, "as far back as 2006[,]" the Department had determined that Florida's sexual battery statute contained elements

11

substantially similar to the elements required to prove sexual assault. Ortega indicated that he was not employed with the Department in 2006.

Ortega also testified that in November 2014,[3] he was asked to determine whether the elements of Florida's sexual battery statute as it existed in 1988 contained elements substantially similar to those required to prove any of the offenses that qualify as reportable convictions based on the sex offender registration program. Ortega explained that he determined that the version of the sexual battery statute applicable to Munday's 1988 offenses include elements substantially similar to those required to prove the offense of sexual assault. Ortega indicated that after he made his determination regarding the similarity between sexual battery and sexual assault, the Department of Public Safety updated its list of Florida offenses in due course in March 2015 and sent the updated list to Texas law enforcement authorities so they would be aware that the Department considered sexual battery to be similar to sexual assault based on versions of Florida's sexual battery statute dating to October 1, 1982.[4] The Department's March 2015 memo was admitted

---

[3] During his testimony, Ortega clarified that on November 17, 2014, he personally determined that the elements required to prove sexual battery under Florida's law were substantially similar to the elements required to prove sexual assault under Texas law.

[4] During Ortega's testimony, the trial court admitted nine Department of Public Safety memos. The memos indicate that the Department had determined that

12

during the trial, and it memorialized Ortega's determination that sexual battery based on the defendant's use of force not likely to cause a serious personal injury contains elements substantially similar to the elements required to prove sexual assault as described by section 22.011(a)(1) of the Texas Penal Code. *Compare* FLA. STAT. ANN. § 794.011(5) (describing sexual battery using force not likely to cause serious injury), *with* Tex. Penal Code Ann. § 22.011(a)(1) (describing sexual assault to require proof that the defendant contacted or penetrated the victim's sexual organ or mouth without the victim's consent).

At the request of Munday's attorney, the trial court admitted eight memos from the Department dating from June 2006 reflecting that the Department had made a determination regarding various Florida crimes that the Department considered to contain elements that were substantially equivalent to those listed in Chapter 62 that make convictions in Florida of those crimes reportable convictions under Texas' sex offender registration program. These memos reflect that as of June 2006, the Department of Public Safety had determined that sexual battery, by use of force not likely to cause serious personal injury, contains elements that are substantially similar to those required to prove sexual assault. For instance, the Department's June

---

sexual battery contained elements substantially similar to sexual assault. Eight of the nine exhibits predate the Department's March 2015 memo, and the earliest of the memos in evidence addressing Florida statutes is dated June 26, 2006.

13

2006 memo states that the elements of sexual battery under Florida Statute section 794.011(5) "are substantially similar" to the elements of sexual assault in section 22.011 of the Texas Penal Code. While the Department's memo does not reflect the exact version of section 794.011(5) that it reviewed when it made its determination in 2006, the evidence before the jury does not show any of the elements that are material to the offense of sexual battery changed between 1988 and the dates the State alleged that Munday failed to comply with his duty to update his registration.

In his appeal, Munday has not argued that the Florida legislature made material changes to its sexual battery statute between 2008 and 2014 that are relevant to the State's claim that Munday failed to update his registration. In our review, we have compared Florida's current sexual battery statute with respect to sexual battery committed by force not likely to cause a serious personal injury with the elements required to prove that same offense under the language used in the sexual battery statute in 1988. Based on our review of the elements of the offenses, we conclude that the record does not show that the State of Florida made any changes in the statute material to Munday's convictions for failing to update his registration as a convicted sex offender. *See* FLA. STAT. ANN. § 794.011 (LexisNexis 2017).

When viewed in the light most favorable to the verdict, we hold that the evidence presented in Munday's trial allowed the jury to find, beyond reasonable

14

doubt, that the Department of Public Safety had determined before April 2014 that the crime of sexual battery by use of force not likely to cause serious personal injury contains elements substantially similar to those required to prove sexual assault. *See Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011) (noting that in determining whether the evidence is sufficient to support a conviction, a reviewing court must consider all of the evidence in the light most favorable to the verdict) (citing *Jackson*, 443 U.S. at 318-19). We conclude that Munday's claim asserting the State failed to present legally sufficient evidence to prove that the Department of Public Safety had issued a determination finding the crime of sexual battery under Florida law contains elements substantially similar to those required to prove sexual assault is without merit.

Next, we address Munday's argument that the evidence fails to show that he was notified before he was arrested that he was required to register in Polk County as a convicted sex offender. At the outset, we note that Chapter 62 does not prescribe a culpable mental state for the offense of violating the duties imposed by the sex offender registration program. *See* Tex. Code Crim. Proc. Ann. art. 62.102 (West Supp. 2016). Nonetheless, Chapter 62 does not plainly indicate that the Legislature intended to dispense with all mens rea requirements. *Id*. Given that the sex offender registration program does not plainly dispense with all mens rea requirements, we

15

conclude that the State was required to prove that Munday intentionally, knowingly, or recklessly failed to comply with his duty to update his registration. *See* Tex. Penal Code Ann. § 6.02(c) (West 2011); *Harris v. State*, 364 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

In Munday's case, the jury was asked to determine whether Munday "intentionally or knowingly" failed to comply with the requirements of the sex offender registration program. Because the case was submitted to the jury on this basis, we will review the record to determine if the State presented sufficient evidence to prove that Munday intentionally or knowingly failed to renew his registration without deciding whether the evidence would also support a finding that his failure to update his registration was reckless. *See Harris*, 364 S.W.3d at 335; *Ballard v. State*, 149 S.W.3d 693, 695 & n.1 (Tex. App.—Austin 2004, pet. ref'd); *Varnes*, 63 S.W.3d at 832.

Munday suggests that evidence proving that he intentionally or knowingly failed to register is insufficient because the State failed to prove that the Department of Public Safety notified him before he was charged that he was required to register under the program. Chapter 62 does not expressly require the State to prove that the defendant was notified by the Department that he was under an obligation to register. *See* Tex. Code Crim. Proc. Ann. art. 62.102. Nevertheless, the State was required to

prove that Munday knowingly or intentionally failed to comply with his duty to register, and there is evidence from which the jury could reasonably determine that Munday knew he was required to register and chose not to. For example, the evidence showed that Munday began registering as a convicted sex offender in Polk County after he was released from the Texas Department of Corrections and that he continued to register on a regular basis through December 2013. The evidence before the jury included several Texas Department of Public Safety Sex Offender Update Forms that Munday signed between October 2010 and December 2013. These forms contain language stating: "*In accordance to Chapter 62, Texas Code of Criminal Procedure, you are required to verify your registration as a sex offender with local law enforcement. Failure to verify your registration with law enforcement will result in criminal penalties being filed against you and may result in the revocation of any community supervision, parole or juvenile probation.*" The jury was entitled to infer that Munday read these forms, and the language in them provides ample evidence to support the jury's conclusion that Munday knew he was required to register as a convicted sex offender. Additionally, the jury heard Deputy Wright explain that he told Munday when he found him before he was charged that he needed to update the information that he had on file with the Sheriff's Office. In our opinion, the fact that Munday registered as a sex offender in 2010, that he continued to register on a

17

quarterly basis until December 2013, that the forms he signed in updating his registration have language in them indicating that Munday was obligated to register, and Deputy Wright's testimony that he told Munday he was required to update his registration are all circumstances that allowed the jury to conclude that Munday intentionally and knowingly failed to comply with his duties under the sex offender registration program. *See Gollihar v. State*, 46 S.W.3d 243, 252 (Tex. Crim. App. 2001) (indicating that appellate courts are to measure the sufficiency of the evidence in a case against a hypothetically correct charge); *Varnes*, 63 S.W.3d at 833. To the extent that Munday argues in his appeal that there is insufficient evidence to prove that he intentionally or knowingly failed to update his registration, his issues are overruled.

Last, we address Munday's argument that the evidence failed to show that sexual battery as defined by Florida's law is a "sexually violent offense" under Chapter 62. *See* Tex. Code Crim. Proc. Ann. art. 62.101(a)(1) (imposing a duty to register for life if the person has a reportable conviction for a "sexually violent offense"). The term "sexually violent offense" is defined in section 62.001(6) to include offenses under the laws of other states if the offense in the other state, as defined by the laws of that state, contains elements substantially similar to the elements of certain enumerated sexual offenses in Chapter 62. *Id*. art. 62.001(6). The

18

enumerated offenses in Chapter 62 specifically include sexual assault. *Id*. art. 62.001(6)(E).

We have previously explained that the evidence in Munday's trial established that in 2006, the Department determined that the offense of sexual battery by use of force not likely to cause serious personal injury contains elements that are substantially equivalent to those required to prove sexual assault. *Compare* FLA. STAT. ANN. § 794.011(5), *with* Tex. Penal Code Ann. § 22.011(a)(1). Because the evidence showed that the Department compared sexual battery by use of force not likely to cause serious personal injury and sexual assault in 2006 and determined the offenses have substantially similar elements, the evidence shows that he had previously been convicted of committing sexually violent offenses for the purposes of the sex offender registration program.[5]

---

[5] We note that article 62.001 also required the State to prove that Munday was seventeen or older when he committed the sexual batteries in Florida for those offenses to be considered sexually violent offenses under the sex offender registration program. *See* Tex. Code Crim. Proc. Ann. art. 62.001(6) (West 2016). While Munday has not argued that the evidence failed to show that he was seventeen or older when he committed the sexual batteries in Florida in 1988, the evidence admitted in Munday's trial demonstrates that Munday was twenty-four years old in 1988 when he committed those crimes.

We conclude that Munday has not presented any arguments that persuade us that his convictions should be reversed. We overrule all of Munday's issues, and we affirm Munday's convictions in Trial Court Cause Numbers 23943 and 23414.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on April 24, 2017
Opinion Delivered July 19, 2017
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.